Five Star Elec. Corp. v Trustees of Columbia Univ. (2020 NY Slip Op 07493)





Five Star Elec. Corp. v Trustees of Columbia Univ.


2020 NY Slip Op 07493


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Index No. 655947/18 Appeal No. 12645 Case No. 2020-02863 

[*1]Five Star Electric Corp., Plaintiff-Appellant,
v
The Trustees of Columbia University et al., Defendants-Respondents. John Does 1-10, etc., et al., Defendants.


Kaufman, Dolowich & Voluck, LLP, Woodbury (Andrew Richards of counsel), for appellant.
Zetlin & De Chiara LLP, New York (James J. Terry of counsel), for The Trustees of Columbia University in the City of New York, respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for Lend Lease (US) Construction LMB, Inc., respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered June 11, 2020, which to the extent appealed from as limited by the briefs, granted defendants the Trustees of Columbia University and Lend Lease (US) Construction LMB, Inc.'s motions to dismiss the complaint, in part, by dismissing the plaintiff's second, third, and fifth causes of action in their entirety, and the portion of its first cause of action that sought damages based on design errors and omissions, unanimously modified, on the law, to reinstate that portion of the first cause of action that was dismissed, and otherwise affirmed, without costs.
Plaintiff, an electrical subcontractor, was hired by defendant Lend Lease (US) Construction LMB, Inc. (Lend Lease), the general contractor or construction manager, to perform core and shell work on a construction project at defendant Trustees of Columbia University's (Columbia) Manhattanville campus. The motion court correctly dismissed plaintiff's second and third causes of action, which sought delay damages, on the ground that it failed to allege an exception to the no-damages-for-delay provisions contained in its subcontract with Lend Lease, which contract was later assigned to Columbia (see generally Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309 [1986]). Plaintiff's allegations "amount to 'inept administration or poor planning' and do not constitute bad faith or willful, malicious, or grossly negligent conduct" (WDF, Inc. v Trustees of Columbia Univ., 170 AD3d 518, 519 [1st Dept 2019]). Further, the delays identified by plaintiff "were within the contemplation of the broad no-damages-for-delay clause of the subcontract" (id.). Plaintiff failed to adequately allege "a breach of a 'fundamental, affirmative obligation' expressly imposed on defendants by the agreement" (Welsbach Elec. Corp. v Judlau Contr., Inc., 172 AD3d 585, 585 [1st Dept 2019]; see Corinno, 67 NY2d at 313).
The motion court also correctly dismissed the fifth cause of action, which asserted a cardinal change in the work (see Del Balso Constr. Corp. v City of New York, 278 NY 154, 159-160 [1938]; Albert Elia Bldg. Co. v New York State Urban Dev. Corp., 54 AD2d 337, 343 [4th Dept 1976]). The main purpose of the subcontract was to install electrical equipment and panels in the electrical closets and to bring power to those closets and panels. There is no indication that this purpose fundamentally changed.
However, the motion court improvidently dismissed that portion of the first cause of action based on design errors and omissions. The first cause of action sought damages for extra work, not delays, and the parties do not dispute that plaintiff's claims for extra work properly survived the motions to dismiss.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020